COVERT *v.* CURTIS.

*(Circuit Court, N. D. New York.* October 3, 1885.)

PATENTS FOR INVENTIONS—INFRINGEMENT—ROPE-CLAMPS.

Patent No. 208,157, granted September 17, 1878, to James C. Covert for an improvement in rope-clamps, *held* infringed by the sale by defendant of similar clamps, and a preliminary injunction granted.

Motion for Preliminary Injunction.

*William H. King,* for complainant.

*Coburn & Thacher,* for defendant.

COXE, J. The complainant is the inventor of an improvement in rope-clamps, for which a patent, No. 208,157, was granted September 17, 1878. The specification contains two claims. The first is for the method of connecting one part of a rope adjacent to another part, or the ends of two ropes, by clamping with one or more open metallic rings, under extreme pressure. The second is for one or more open rings clamped around a braided or twisted rope, under pressure, to prevent unbraiding or untwisting. Since the date of the patent the complainant has, in the business of his firm, manufactured and sold large numbers of the patented clamps. Capital has been invested, expensive machinery purchased, skilled labor employed, and a high degree of proficiency attained in the character of the goods manufactured. The result is that a large and flourishing business has been established, which will be greatly injured by competition, and especially so if inferior and unworkmanlike goods are permitted in the market. Though the patented device is largely used, the complainant is in a situation to supply all demands; his exclusive right to do so having been generally acquiesced in by the public.

It is suggested in one of the affidavits read by the defendant that there is no infringement, because the ends of the rings sold by him are not beveled and do not overlap. This contention is clearly untenable. An examination of the claims discloses the fact that the beveled ends are no part of the invention. They are, in the description, recommended as being preferable to square ends, but are not claimed.

The prior patents, drawings, and exhibits referred to by the defendant have been examined, and it is thought that none of them anticipates the complainant's invention, so far, at least, as the first claim is concerned. Neither can it be maintained upon this proof that the patent is invalid for lack of invention.

It is manifest that a refusal of the relief asked for will work great, and perhaps irreparable, injury to the complainant's business. On the other hand, it is not easy to perceive how the defendant, who is a merchant and not a manufacturer, can be materially injured by being required to discontinue his sales until the questions at issue can be finally determined. The motion is granted.